UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>WILMI HERNANDEZ-DIAZ ) | CRIMINAL NO. 17-CR-10066-4<br>(Leave To File Granted On 01/10/2018) |

DEFENDANT'S SENTENCING MEMORANDUM

The Defendant Wilmi Hernandez-Diaz (hereinafter "Defendant," or "Wilmi") submits this memorandum in support of a recommendation that the Court impose a sentence of twenty-four months in the custody of the Bureau of Prisons. This sentence would be justified in light of the circumstances of this case and the factors to be considered under 18 U.S.C. § 3553.

Procedural Background

On February 14, 2017, the Defendant was arrested on a Federal Criminal Complaint charging him and twelve co-defendants with conspiracy to distribute heroin, fentanyl, cocaine, and other controlled substances. The Defendant was brought before the Court on that same date, i.e., February 14, 2017, for his initial appearance, and was ordered detained, pending detention hearing. On February 17, 2017, the Court held a preliminary and hearing and detention hearing, after which the Court found probable cause and the Defendant consented to an order of voluntary detention.

On March 22, 2017, a Federal Grand Jury sitting in Boston returned an indictment against Defendant, and twelve co-defendants, for conspiracy to distribute and possess

with intent to distribute heroin, fentanyl, and cocaine in violation of 21 U.S.C. §846 and 21 U.S.C. §841(a)(1) and (b)(1)(C). Defendant initially entered a plea of not guilty at his arraignment on March 30, 2017, but changed his plea to guilty on October 10, 2017, pursuant to a plea agreement between the Defendant and the Government, entered into on July 25, 2017. The sentencing hearing has been scheduled for January 11, 2018.

## Argument

A sentencing court is directed to impose a sentence which is "sufficient, but not greater than necessary, to comply with the purposes [of sentencing]," as outlined in 18 U.S.C. §3553(a). Those purposes are: the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational and vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. §3553(a)(2).

Additional factors for the Court to consider include the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the sentencing range recommended by the Advisory Sentencing Guidelines; the need to avoid unwarranted disparities among defendants with similar records who are guilty of similar conduct; and, where applicable, the need to provide restitution to victims. 18 U.S.C. §3553(a).

The Supreme Court has emphasized that the "Guidelines are only one of the factors to consider when imposing sentence." Gall v. United States, 129 S. Ct. 586, 602 (2007); see also, Kimbrough v. United States, 128 S. Ct. 558, 564 (2007). "The [sentencing] statute, as modified by Booker, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to achieve the goals of sentencing." Id. at 570. After calculating the Guidelines sentence, the sentencing court should then "giv[e] both parties an opportunity to argue for whatever sentence they deem appropriate," and "consider all of the §3553(a) factors to determine whether they support the sentence requested by a party." Gall v. United States, *supra* at 596. In weighing the factors, the Court should consider arguments that the Guidelines are inappropriate on general policy grounds, case specific grounds, or "regardless." Rita v. United States, 127 S. Ct. 2456, 2463, 2465, 2467-68 (2007). The Court should not "presume that the Guidelines range is reasonable." Gall v. United States, *supra* at 596-97.

The Defendant's personal history, complete lack of any prior criminal record and the circumstances of his fleeing to the United States and subsequent involvement in this case warrants a sentence of twenty-four months, a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of [of sentencing]……" 18 U.S.C. §3553(a).

Wilmi is a twenty-two year old, single Hispanic male, who was born in Bani, Dominican Republic. He was one of two children born of unmarried parents, who separated when Wilmi was four. Wilmi lived with his father, grandmother and sister

3

until he was fourteen, and then lived with his mother because his father moved to Spain. Wilmi graduated from high school in Bani in 2013, and worked in his mother's bakery. His mother, who is in ill health, still owns and runs a bakery in Bani. His father is still in Madrid.

In 2015-2016 Wilmi was working for a police captain in Bani as a driver. When Wilmi discovered that the captain was illegally trafficking in guns, Wilmi reported this criminal conduct to authorities. As a result, Wilmi was targeted for retribution by the captain, beaten, and threatened with a gun. Wilmi's family concluded that he would not be safe remaining in the Dominican Republic, and raised $14,000 to pay a facilitator to arrange for Wilmi's flight to the United States.

When Wilmi entered the United States in Laredo, Texas, on March 8, 2016, he was immediately arrested and detained by ICE. He was in ICE custody from March 8 to April 19, 2016, when his mother (through an attorney) posted $7,500.00 bond for his release. While in ICE custody, Wilmi was interviewed by ICE authorities and filed an application for asylum on the basis of his fear of being killed if he were to be returned to the Dominican Republic.

Subsequent to his release from ICE custody, Wilmi lived in Florida and then moved to the Boston area in May, 2016, where he worked for an uncle in the construction field. It was during this period that he came under the sway of "Alex" and others, who were involved in the trafficking of drugs and other crimes.

While Wilmi has never been married, he has been involved in a close relationship with Annie Ventura since June of 2016. The two have a six month old child together, whom Wilmi has not been able to visit with because of his incarceration in this case. Wilmi's family, as well as the mother of his child, remain close and supportive of Wilmi.

There is an ICE detainer lodged against Defendant for his deportation. As a result, it is almost certain that after he serves his sentence, he will be further detained by ICE pending his removal. The presence of an ICE detainer will adversely affect his placement within the Bureau of Prisons, as well as the opportunities available to him. Moreover, he will not receive credit for the "deadtime" he serves in custody while awaiting removal. Nor will he receive credit for his forty days in ICE detention from March 8, 2016 to April 19, 2016.

In the circumstances of Defendant's personal background and his future removal from the United States, it is unlikely that a Guideline Sentence is "necessary" in this case. The Defendant has endured the trauma of his arrest and detention in Texas, his arrest and detention in Boston (at the Plymouth House of Correction), and the likelihood of further ICE detention upon release from Federal custody. A sentence of twenty-four months will certainly advance the goals of protection of the public and deference because, where Defendant has no prior record, it is unlikely that he will again attempt to enter the United States illegally, much less to commit additional crimes in the United States.

                                          DEFENDANT
                                          By his attorney

                                        /s/John F. Palmer
                                        Law Office of John F. Palmer
                                        Seven Faneuil Hall Market Place
                                        North Building, 3rd Floor
                                        Boston, MA 02109
                                        (617)723-7010
                                        BBO# 387980

Dated:  January 10, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered parties on January 10, 2018.

                                                          /s/ John F. Palmer