IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA       )
                               )
          v.                   )  CRIMINAL NO. 1:17-CR-10066-IT
                               )
ISIS LUGO-GUERRERO             )

<u>SENTENCING MEMORANDUM</u>

On February 14, 2017, the defendant was arrested upon an Indictment charging her with conspiring to distribute and possess with intent to distribute heroin, fentanyl, and cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C).

On March 10, 2017, the defendant was released on bail.  The Court scheduled her trial to commence on September 10, 2018.  On that day, the Court, lawyers, witnesses, and jurors were ready to proceed, but the defendant failed to appear.

On October 3, 2018, the U.S. Marshals Service arrested the defendant in Boston.  She has since been detained.  On November 20, 2018, she pled guilty to the conspiracy charge.

The case arose from an eight month wire-tap investigation of the defendant's brother Jose Antonio Lugo-Guerrero, whose phone was the subject of the majority of interceptions.  The investigation showed that the defendant obtained heroin and fentanyl from her brother and others that she then re-sold.  It

1

further showed that she and her brother used her 10 Fox Street apartment as a place to store, prepare, and distribute heroin and fentanyl.  She was knowledgeable enough about the drug trade to complain about the potency of the drugs during calls with her brother.  She was assertive enough to tell her brother to tell a co-defendant to give her the money back for poor quality drug today, "or there will be trouble."

The Presentence Investigation Report (PSR) found that the defendant was responsible for at least 100 but less than 400 grams of heroin, corresponding to a level 24.  The PSR found that the defendant obstructed justice by failing to appear for trial, resulting in a 2-level increase, and a total offense level of 26.  The PSR denied the defendant an adjustment for acceptance of responsibility because she obstructed justice and this was not an "extraordinary" case.  USSG 3E1.1, Application Note 4 ("Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply.").

The defendant has no criminal history points, no criminal

convictions, and no criminal arrests.

At 26/I, the corresponding Guideline Sentencing Range (GSR) for Count One is 63-78 months, or 5-6½ years.

The defendant objected to the GSR calculation. She argues that she should not receive a 2-level increase for obstruction of justice; that she should receive a 4-level reduction for minimal role pursuant to USSG 3B1.2; that she should receive a 2-level reduction for familial influence pursuant to USSG 2D1.1(a)(17); and that she should receive a 3-level decrease for acceptance of responsibility. As a result, she argues that her total offense level should be 15 (24-4-2-3=15), resulting in a GSR of **18-24 months**. She urges the Court to impose a time served sentence, which would be roughly a 6-month sentence. With one exception, her objections are without merit.

The defendant argues that no obstruction increase is warranted. She claims she was fearful of trial, fell back into addiction, was arrested quickly, and then pled guilty quickly. Thus, she argues her failure to appear, "did little to impede the administration of justice." There is no legal or logical support for this argument. Her failure to appear undermined weeks of preparation by counsel, undoubtedly disrupted the Court's docket, and had cascading inconveniences to other

3

participants in the process.  She did not surrender shortly
after failing to appear, but had to be arrested by the Marshals,
who had to expend significant resources to track, find, and
safely arrest her.  Her claimed drug relapse is not an excuse
for the obstructive conduct.  In short, the argument for no
obstruction adjustment is without legal or factual support.

The question of acceptance is a closer one.  The guidelines
provide that obstruction "ordinarily indicates" that the
defendant has not accepted responsibility, but that there may be
"extraordinary cases" where acceptance is granted
notwithstanding obstruction. Compare *United States v. Soltero*,
146 F. App'x 69, 71 (8th Cir. 2005)(district court did not err
in finding failure to appear and subsequent guilty plea did not
constitute); and *United States v. Gregory*, 315 F.3d 637, 641
(6th Cir. 2003)(a case can be extraordinary where the
obstruction wholly pre-dates conduct constituting acceptance).
Here, the defendant did plead guilty <u>after</u> failing to appear,
although there is nothing "extraordinary" about the case under
the ordinary definition of that term.  On balance, because the
obstruction occurred before the conduct that constituted
acceptance, and the circumstances are unusual, the government
does not object to a reduction for acceptance.  The government

4

notes that the defendant failed to appear on the day of trial,
and did not permit the government to avoid preparing for trial.
Accordingly, she only qualifies only for a 2-level reduction,
and does not qualify for a third point. USSG 3E1.1(b).

The defendant's claim for a role reduction is not well-
founded.  The PSR shows she was involved from beginning to end,
understood and fully participated in the essential nature of the
business, asserted her authority, and did not lack awareness of
the scope of the criminal activity.  Accordingly, she does not
qualify as a minor or minimal participant.  This fact alone also
resolves the "familial influence" adjustment claimed by the
defendant, as the adjustment only applies to a "minimal
participant."  Regardless, the defendant also cannot bear her
burden to show that she received no monetary compensation, was
motivated by the family relationship and otherwise unlikely to
commit the offense, and had minimal knowledge of the structure
and scope of the enterprise. USSG 2D1.1(b)(17).

If the Court agrees with the government's position, the
resulting GSR is 24/I = 51-63 months, or 4-5 years.  The
government recommends a sentence at the bottom of the range and
will be prepared at the sentencing hearing to discuss how the
defendant compares to the other defendants the court has

sentenced.

           Respectfully submitted,

           ANDREW E. LELLING
           United States Attorney

By:

           */s/ Theodore B. Heinrich*
           THEODORE B. HEINRICH
           Asst. U.S. Attorney

### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing.

           */s/ Theodore B. Heinrich*
           THEODORE B. HEINRICH
           Assistant U.S. Attorney

March 1, 2019